WILLIAM MURRAY *vs.* THE COMMONWEALTH.

When a defendant is convicted, at the same term of the court, upon two indictments on the Rev. Sts. c. 127, § 16, charging him with uttering and passing counterfeit coin as true, knowing it to be counterfeit, and also upon a third indictment on § 15 of the same chapter, charging him with having in his possession, at the same time, ten pieces of counterfeit coin, knowing them to be counterfeit, with intent to utter and pass them as true, the court is not authorized to adjudge him to be a common utterer of counterfeit coin, and pass a single sentence upon him as such, under § 17 of that chapter.

WRIT OF ERROR, to reverse a judgment of the court of common pleas, rendered in the county of Essex, at June term 1846. At that term of the court, three indictments were returned against the plaintiff in error. One of them charged him with having in his possession, at Beverly, on the 9th of May 1846, a counterfeit coin, in the similitude of an

American half dollar, which he then and there uttered as true, with intent, &c. knowing the same to be false and counterfeit. Another indictment charged him with a like offence, at Salem, on the same day. The third indictment charged him with having in his possession, at the same time, ten pieces of counterfeit coins, called Mexican dollars and American half dollars, knowing them to be false and counterfeit, with intent to utter and pass the same as true.

To all these indictments the plaintiff in error pleaded guilty. The court thereupon adjudged him to be a common utterer of counterfeit coin, and sentenced him to solitary imprisonment one day, and confinement afterwards at hard labor seven years in the state prison.

The error assigned was thus : "Said judgment is erroneous, inasmuch as a consolidated sentence, as a common utterer of counterfeit coin, could not have been rendered against said Murray, either upon the last indictment on which he stood convict, or upon the same indictment conjointly with the two others in said record set forth."

*G. Bemis,* for the plaintiff in error.

*Wilkinson,* (District Attorney,) for the Commonwealth.

DEWEY, J. The plaintiff in error was duly indicted in three several indictments, one of which was under the Rev. Sts. *c.* 127, § 15, and the others under § 16 of the same chapter, all relating to the subject of having in possession counterfeit coin, with intent to pass the same as true, or the passing of the same as true, knowing the same to be false. Having been convicted upon all these indictments, a joint sentence of imprisonment at hard labor for seven years, and one day solitary confinement, was awarded against him, upon all the indictments. This sentence he seeks to reverse, upon the ground that no proper case existed for a joint sentence upon three several indictments ; that such judgment can only be authorized under the provisions of Rev Sts. *c.* 127, § 17, where it is provided, that "if any person, who has been convicted of either of the offences mentioned in the preceding section, shall be again convicted of either of the same offences,

committed after the former convictions, or if any person shall, at the same term of the court, be convicted upon three distinct charges of the said offences, he shall be deemed a common utterer of counterfeit coin, and shall be punished by imprisonment not more than twenty years." The case specified is that of three distinct offences under the preceding section. The offences, for which that section (§ 16) prescribes the punishment, are, *first*, the having in possession any number of pieces, less than ten, of the counterfeit coin mentioned in § 15, knowing them to be counterfeit, with intent to utter or pass them as true; and *secondly*, the uttering, passing or tendering in payment, as true, any such counterfeit coin, knowing the same to be false and counterfeit. Now only two of the indictments against the plaintiff in error charged offences under that section. The other indictment charged him with the more aggravated offence described in § 15, namely, the having in his possession, at the same time, ten or more pieces of false money or coin counterfeited in the similitude, &c. knowing the same to be false and counterfeit, and with intent to utter or pass the same as true.

The sentence awarded in the case of the plaintiff in error is one that can be legally awarded only by virtue of some statute provision. But the statute contemplates three distinct offences under § 16. It was not competent to award the joint sentence, treating the conviction under § 15 as one of the three cases authorizing the sentence prescribed in § 17. The offence under § 15 is a more aggravated offence, and should be punished by a separate sentence.

It was suggested by the district attorney, that the punishment awarded was in fact less than might have been awarded upon the two indictments under § 16. But that view, we think, will not justify the sentence, inasmuch as it professes to be awarded upon the three indictments, including the offence under § 15.

Not finding any authority for the joint sentence awarded against the plaintiff in error, the court are of opinion that the same must be reversed.